JESSE D. HAWES *vs.* SAMUEL KNOWLES.

If there is wantonness or mischief, causing additional bodily or mental damage, in the injurious act of a servant within the scope of his employment, that wantonness or mischief will enhance the damages as against the master.

TORT for damage caused by the defendant's servant driving against the plaintiff's wagon.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff offered evidence to show that the servant of the defendant, who was driving the defendant's stage-coach at the time of

the collision, drove against the wagon of the plaintiff wantonly, as well as carelessly and negligently, and sought to enhance the damages on that account.

The defendant requested the court to instruct the jury that he was not liable for any wanton conduct of his servant, but only from his negligence and want of due care in his service, and that if the fact, as contended for by the plaintiff, was that the servant, when he came in collision with the plaintiff's wagon, acted in such a manner as to wound the feelings of the plaintiff, it would not enhance the damages. The court ruled against the objection of the defendant, that if there was wantonness or mischief in the act of the servant, affecting the plaintiff injuriously in body or mind, that fact would tend to enhance the damages. The jury returned a verdict for the plaintiff for $202, and the defendant alleged exceptions.

*G. Marston,* for the plaintiff.

*G. A. King & H. P. Harriman,* for the defendant.

GRAY, C. J.  A master is responsible for a wrongful act done by his servant in the execution of the authority given by the master, and for the purpose of performing what the master has directed, whether the wrong done be occasioned by the mere negligence of the servant, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner. *Howe* v. *Newmarch,* 12 Allen, 49. *Ramsden* v. *Boston & Albany Railroad Co.* 104 Mass. 117.

In an action of tort for a wilful injury to the person, the manner and manifest motive of the wrongful act may be given in evidence as affecting the question of damages, for when the merely physical injury is the same, it may be more aggravated in its effects upon the mind, if it is done in wanton disregard of the rights and feelings of the plaintiff, than if it is the result of mere carelessness. *Stowe* v. *Heywood,* 7 Allen, 118. *Smith* v. *Holcomb,* 99 Mass. 552.

. The evidence introduced at the trial, so far as it is reported in the bill of exceptions, was that the defendant's servant, driving the defendant's coach, drove against the wagon of the plaintiff wantonly, as well as carelessly and negligently. As applied to

this evidence, the instruction requested was rightly refused; and the instruction given, fairly construed, was only that if in the act done by the servant in the performance of his master's business by which the plaintiff was injured, there was wantonness or mischief on the part of the wrong-doer, which caused additional injury to the plaintiff in body or mind, it would tend to enhance the damages. Thus construed, the instruction is unexceptionable.

*Exceptions overruled.*