THOMAS WILSON *vs.* FALL RIVER DAILY HERALD PUBLISHING COMPANY.

Bristol.   Oct. 27, 1886. — Feb. 24, 1887.   DEVENS & W. ALLEN, JJ., absent.

In an action for libel, for calling T. W. (meaning the plaintiff) a thief, a bill of exceptions tendered by the defendant was allowed, which stated that, evidence of publication by the defendant being put in, the plaintiff was allowed, against the objection and exception of the defendant, to ask witnesses, " Who did you understand was meant in the statement published by the defendant ? " and that they answered, " The plaintiff." *Held,* that the defendant did not show any ground of exception.

TORT.   The declaration was as follows :

" And the plaintiff says that the defendant caused to be published in a newspaper called the ' Fall River Daily Herald,' printed and published in Fall River in said county, a false and malicious libel concerning the plaintiff, a copy whereof is hereto annexed and is as follows : ' Thomas Wilson (meaning the plaintiff) stole a shawl from a wagon on Spring Street yesterday afternoon.   The thief (meaning the plaintiff) was noticed by some passer by, who gave chase to the thief (meaning the plaintiff) and overtook him on South Main Street.   The shawl was recovered, and Wilson (meaning the plaintiff) was let go.' "

The answer was as follows : " And now comes the defendant and for answer says that it denies each and every allegation of the plaintiff's writ and declaration ; and further answering, the defendant says that it published as a matter of news, without malice, the article set out in the plaintiff's declaration, and the next day, having learned that it was not true, it published a full and complete retraction and apology therefor."

Trial in the Superior Court, before *Barker*, J., who allowed the following bill of exceptions :

" Pleadings are made a part hereof.   At the trial, evidence of publication by the defendant being put in, the plaintiff called witnesses to each of whom he put this question, ' Who did you understand was meant in the statement published by the defendant ? '   The answer was, ' Thomas Wilson, the plaintiff.'   The defendant objected seasonably to the questions and answers, but the court admitted the same, and the defendant excepted.   The

verdict being for the plaintiff, the defendant excepts and prays that his exceptions may be allowed."

*H. K. Braley*, for the defendant.

*J. W. Cummings*, for the plaintiff.

GARDNER, J.   The bill of exceptions gives us no information as to the trial.   It does not state whether the question objected to became material in the course of the trial.   There is nothing in the bill of exceptions tending to show that there was more than one Thomas Wilson in the city of Fall River.   If there was no contention between the parties as to the identity of the plaintiff as the Thomas Wilson referred to in the libellous publication, then the evidence introduced was immaterial and innocuous.   *Goodrich* v. *Davis*, 11 Met. 473.   The defendant fails to show us that he was injured or aggrieved by the introduction of the evidence objected to.                    *Exceptions overruled.*