[No. 711. Decided February 8, 1893.]

## MARY HANNAN, *Appellant*, v. ELLIS GROSS AND JOHANNA GROSS, *Respondents.*

ASSAULT AND BATTERY — ACTION FOR DAMAGES — EVIDENCE — NON-SUIT.

In an action for damages for assault and battery it is error to non-suit the plaintiff when the undisputed evidence shows that one of the defendants seized her by the shoulders, struck her, called her foul names, choked her and kicked her until her body was black and blue, and that the other defendant meanwhile beat her with an umbrella.

In such an action it is error to refuse to admit testimony as to the condition of plaintiff on the morning after the alleged injury was inflicted.

*Appeal from Superior Court, Pierce County.*

*Taylor & McKay*, for appellant.

The opinion of the court was delivered by

DUNBAR, C. J.—We are at a loss to understand on what theory of the law the jury in this case was instructed to find for the defendants. If it was, as asserted by appellant, based on a construction of the opinion of this court in the case of *Spokane Truck and Dray Co. v. Hoefer*, 2 Wash. 45 (25 Pac. Rep. 1072), the scope of that opinion was wholly misunderstood by the court.

The witness testified that Gross seized her by the shoulders, struck her, called her foul names, choked her, and kicked her until her body was black and blue, and that Mrs. Gross belabored her with an umbrella. If this testimony be true, and it must be taken to be true for the purposes of this case, not having been disputed, it is plain that actual compensatory damages should follow. The proof of the amount of damages is not necessary to obtain a verdict. There has been an infraction of a legal right. This

proposition established, in contemplation of law there is injury, and damages follow as a conclusion of law. This proposition is so elementary that a citation of authorities seems to us to be unnecessary.

The court also erred in not allowing the witness Matilda Anderson to testify as to the condition of the plaintiff on the morning after the alleged injury was inflicted.

The judgment is reversed.

SCOTT, HOYT, ANDERS and STILES, JJ., concur.