# DANIEL DAVIDSON, RESPONDENT, *v.* JAMES B. HUNTER, APPELLANT.

TRANSFER OF CAUSES—PENDING AT TIME OF STATEHOOD—ENABLING ACT SEC. 17—SEC. 7, ART. 24 CONST.—SEC. 1, CHAP. 20 S. L. 1896—JURISDICTION—ACTION TO REVIVE. EVIDENCE—SUFFICIENT TO SUPPORT FINDINGS—IN ACTION TO REVIVE JUDGMENT. JURISDICTION OF DISTRICT COURTS—SUBJECT-MATTER.

*Transfer of Causes—Pending at Time of Statehood—Enabling Act Sec. 17—Sec. 7, Art. 24 Const.—Sec. 1, Chap. 20 S. L. 1896—Jurisdiction—Action to Revive.*

Under the provisions of Sec. 17 of the Enabling Act, Sec. 7, Art. 24 of the Constitution and Sec. 1, Chap. 20, Session Laws of 1896, approved February 18, 1896, a case in which judgment was rendered in the First District Court of the Territory of Utah, in and for the County of Utah, was removed to the "Fourth Judicial District for the County of Utah;" and an order of said Fourth District Court, made March 3, 1896, transferring said cause to the Seventh Judicial District Court, for San Pete County, was unauthorized, and did not deprive said Fourth District Court of its jurisdiction over said case, and an action to revive said judgment is properly brought in said Fourth District Court, for Utah County.

*Evidence—Sufficient to Support Findings—In Action to Revive Judgment.*

In an action to revive a judgment, evidence, that defendant was personally served in the former proceeding; that default of defendant was entered in open court; that upon application of plaintiff, judgment was ordered by the court for a certain amount; that thereafter judgment was duly docketed as ordered; that said judgment bore interest at eight per cent. per annum, and that there is now a certain amount due thereon, is sufficient to support a judgment for plaintiff for the amount found due.

*Jurisdiction of District Courts—Subject-Matter.*

> Under the provisions of the constitution district courts have
> original jurisdiction in all matters civil and criminal, not
> excepted in the constitution or prohibited by law; and the
> jurisdiction of the trial court in this case not falling within
> any exception and not being prohibited by law, the court had
> jurisdiction of the subject-matter.

(Decided May 15, 1900.)

Appeal from the Fourth District Court, Utah county.
Hon. W. N. Dussenberry, *Judge.*

Action to revive a territorial judgment. The answer
alleged lack of jurisdiction in the court.

From a judgment for plaintiff defendant appealed. Af-
firmed.

*Messrs. King Burton & King* and *Grant C. Bagley,
Esq.,* for appellant.

*Messrs. Marshall Royle & Hempstead,* for respond-
ent.

BASKIN, J.

This action was instituted on the 3d day of September,
1899, in the Fourth Judicial District Court, in and for
Utah county, for the purpose, under the provisions of Sec.
3237 Rev. Stat., of reviving a judgment for $4,926.24,
and costs, alleged to have been duly given and made in
favor of the plaintiff against the defendant on the 8th day
of November, 1893, in the district court of the First
Judicial District, in and for Utah county, in the then Ter-
ritory of Utah and now State of Utah.

The answer denied each and every allegation of the
complaint, and alleged "that the supposed cause of action
accrued to said plaintiff, if at all, out of the jurisdiction of

this court (the said fourth district court) that is to say at the county of San Pete, and not at the county of Utah."

Counsel for appellant made but two objections: 1. That the trial court had no jurisdiction. 2. That the evidence was not sufficient to justify the findings and judgment.

Sec. 17 of the Enabling Act, provides: "That the convention herein provided for shall have the power to provide, by ordinance, for the transfer of actions, cases, proceedings, and matters pending in the supreme or district courts of the territory of Utah at the time of the admission of the said state into the Union, to such courts as shall be established under the constitution to be thus formed, or to the circuit or district court of the United States for the district of Utah; * * * and the circuit, district, and state courts herein named shall, respectively, be the successors of the supreme court of the territory as to all such cases arising within the limits embraced within the jurisdiction of such courts, respectively, with full power to proceed with the same, and award mesne and final process therein."

Sec. 7, Art. 34 of the Constitution, provides that: "All actions, cases, proceedings and matters, pending in the supreme and district courts of the territory of Utah, at the time the state shall be admitted into the Union, and all files, records and indictments relating thereto, except as otherwise provided herein, shall be appropriately transferred to the supreme and district courts of the state respectively; and thereafter all such actions, matters and cases shall be proceeded with in the proper courts."

. Sec. 1, Ch. 20, Laws of 1896, p. 95, provides, that "All actions, cases, matters and proceedings which were at said date (the date the State was admitted) pending in the district courts of the Territory are hereby transferred to the district courts of the second judicial district for the county

of Weber, the district court of the third judicial district for the county of Salt Lake, the district court for the fourth judicial district for the county of Utah, and the district court of the fifth judicial district for the county of Beaver according as said actions, cases, proceedings and matters were pending in the fourth, third, first or second territorial Judicial district courts respectively: Provided, that all such actions, cases, matters or proceedings which prior to the passage of this act by order of the court have been removed substantially in accordance with the terms of this act to any other state district court shall be deemed and held to be pending in the district and county to which the same may have been transferred."

The act containing this provision was approved and went into effect on February 18, 1896. As the judgment sought to be reviewed was rendered in the first district court of the Territory of Utah, in and for the county of Utah, the case, in which it was rendered, by the express terms of said section was removed to the "Fourth Judicial District for the county of Utah."

On the 3d day of March, 1896, said fourth district court, on its own motion, ordered said cause, with others, transferred to the Seventh Judicial District Court of San Pete. As this order was made subsequent to the approval of said act, and after it had gone into effect, said order was unauthorized, and did not deprive the Fourth District Court in and for Utah county of its jurisdiction over said case. The present suit was therefore properly brought in that court.

At the trial of the case plaintiff offered in evidence the summons in the former case and the marshal's return showing service of the same on the defendant Hunter, the complainant and the following from the minute entries of the court, towit: "First District Court Minutes, Utah,

May Term, 1893. Wednesday, the 8th day of November, 1893. *Daniel Davidson* v. *James B. Hunter.* In this cause, default of defendant having been taken in open court, the court upon application of plaintiff's counsel, it appearing that plaintiff is entitled to the relief prayed for, ordered that judgment be entered herein in favor of the plaintiff and against the defendant for the sum of $4,926.24 and $39.35 costs of suit. W. H. Smith, Judge."

Also offered the following entry in the judgment docket of said court: "No. 2873, Judgment Debtors, James B. Hunter; Judgment Creditors, Daniel Davidson. Judgment and costs: Judgment $4,926.24, costs $39.35. Interest at eight per cent per annum. Time of entry, month, Nov., day 8, year 1893. Entered in Judgment Book, No. M. B., page 340.

J. W. N. Whitecotton testified in behalf of plaintiff that there was due plaintiff the sum of $7,160.92, and thereupon the plaintiff rested. The only objection and exception taken by defendant to the admission of this testimony was that the court had no jurisdiction of the subject-matter of the action.

The district courts of this State, under the provisions of the constitution have original jurisdiction in all matters civil and criminal, not excepted in the constitution and not prohibited by law. The jurisdiction of said court in this case is not within any exception and is not prohibited by law. Therefore there is no doubt but that the court had jurisdiction of the subject-matter of the action and that suit was brought in the proper county.

The court made the following findings: "That on the 8th day of November, 1898, in the District Court of the First Judicial District of the Territory of Utah, sitting at Provo City, in Utah county, then territory, now state of Utah, a judgment was duly given, made and entered by

said court in favor of this plaintiff, Daniel Davidson, and against the defendant herein, James B. Hunter, in an action in said court pending, wherein this plaintiff the said Daniel-Davidson, was plaintiff, and the defendant herein, James B. Hunter, was defendant, for the sum of $4,936.24 and $39.35 costs of suit, which judgment bears interest since the entry thereof at the rate of eight per cent. per annum.

2. That the defendant has not paid said judgment or any part thereof.

The defendant excepted to the findings and judgment on the ground that the same are not justified by the evidence.

We think that the findings and judgment were correct. It is ordered that the judgment of the court below be affirmed, and that the appellant pay the costs.

BARTCH, C. J., and McCARTY, District Judge, concur.