ROBERT N. BURNS *vs.* ALLEN C. JONES.

Middlesex. March 15, 1912. — April 1, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Damages*, Mental distress and injured feelings. *Evidence*, Materiality. *Practice, Civil*, Exceptions.

At the trial of an action for an assault and battery, although it appears that no third person was present when the assault was committed, testimony by the plaintiff, that he felt humiliated on account of the assault and did not sleep at all the night following it, is admissible to show the extent of mental distress and injured feelings resulting from the assault, for which he is entitled to reasonable compensation.

At the trial of an action against the proprietor of a hotel for an assault and battery committed upon the plaintiff by a porter in the defendant's employ, it appeared that the plaintiff had stated to the porter, who was polishing the plaintiff's shoes in the toilet room of the hotel, that he desired to change his stockings and that the porter had replied, "You can't change your stockings here." Thereafter the plaintiff retired to a closet and, while he was changing his stockings there, the porter, in an attempt to enforce a regulation of the hotel, committed the assault. It appeared that a regulation of the hotel forbade the changing of clothing in any part of the toilet room, but that no notice of the regulation was given to the plaintiff other than the porter's statement. In redirect examination of the plaintiff he was allowed, subject to an exception by the defendant, to state that he did not understand the porter's statement to mean that he could not change his stockings inside the closet. *Held*, that, even assuming that it was error to admit the testimony of the plaintiff as to what he understood to be the meaning of the porter's statement, such testimony at most was immaterial and its admission did not prejudice the defendant.

TORT for an assault and battery alleged to have been committed by a porter of the defendant, the proprietor of the New American House in Boston. Writ dated June 10, 1909.

In the Superior Court the case was tried before *King*, J. There was evidence tending to show that the plaintiff went to the defendant's hotel, intending to get dinner there; that he first went to the toilet room to have his shoes polished; that, having a new pair of stockings with him, he told the porter that he would like to change his stockings, and that the porter replied that he could not change them there; that the plaintiff then entered one of the toilet closets and began to change his stockings, whereupon the porter forcibly ejected him. No third person saw the assault committed. Other facts are stated in the opinion.

. There was a verdict for the plaintiff for $500; and the defendant alleged exceptions.

*H. H. Bond,* for the defendant.

*F. P. Garland,* for the plaintiff.

DeCOURCY, J. This was an action of tort for an assault committed upon the plaintiff by a servant of the defendant. The only exceptions relate to the admission of evidence.

1. The plaintiff's testimony that he felt humiliated in consequence of the assault and did not sleep any all night was rightly admitted. The insult and indignity inflicted upon him may well have occasioned distress of mind and injury to his feelings more serious than the physical damage, and the plaintiff was entitled to recover reasonable compensation therefor. *Smith* v. *Holcomb,* 99 Mass. 552. *Meagher* v. *Driscoll,* 99 Mass. 281. *Lopes* v. *Connolly,* 210 Mass. 487.

2. The defendant introduced testimony of a regulation of the hotel that no clothing should be changed in any part of the toilet room; but there was no evidence that the plaintiff knew of its existence. In redirect examination the plaintiff was allowed to testify that when he was having his shoes polished and the porter said to him, "You can't change your stockings here," he did not understand that the porter was forbidding him to change them inside the toilet room. It does not appear for what purpose this testimony was admitted. Probably the trial judge inferred that the defendant intended to argue in mitigation of damages that the plaintiff provoked the assault by wilfully violating a regulation of the hotel; and deemed it competent for the plaintiff to show that to his mind the somewhat ambiguous notice prohibited the use for the purpose intended of only the public portion of the toilet room.

But even assuming that this testimony was incompetent, it was at most immaterial and did not affect the merits of the action. A harmless error of this character, that does not appear to have injuriously affected the substantial rights of the parties, furnishes no ground for the reversal of a verdict that was warranted after a full and fair trial. *Wilson* v. *Fall River Daily Herald Publishing Co.* 143 Mass. 581. *Scaplen* v. *Blanchard,* 187 Mass. 73. 1 Wigmore on Evidence, § 21.

*Exceptions overruled.*