[No. 11125. Department One. September 26, 1913.]

ROBERT BURGER, *Respondent*, v. JASON COVERT *et al.*, *Appellants*.[1]

ASSAULT AND BATTERY — DAMAGES — ELEMENTS — AGGRAVATION— MENTAL SUFFERING. In case of an assault and battery accompanied by abusive language, mental suffering and mortification from the insult and indignity arising from the assault and the abusive language is a proper element of damages as an aggravation of the wrong, the same being not punitive, but compensatory.

CONTINUANCE—AMENDMENT OF PLEADING—PREJUDICE. A continuance on allowing a trial amendment is not a matter of right; and it is not error to deny a continuance, on allowing a complaint for assault and battery to be amended so as to include an element of aggravation of damages by the use of abusive language, where there was no showing of prejudice.

NEW TRIAL—SURPRISE—EVIDENCE—DILIGENCE. In an action for an assault and battery, plaintiff's evidence that his face was scratched cannot be legal ground for surprise, entitling the defendant to a new trial, where the evidence was competent under the pleadings, and there was no showing of diligence to obtain defendant's newly discovered evidence to meet it at the trial.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 21, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*H. J. Hibschman*, for appellants.

*S. Edelstein* and *R. G. Hutchinson*, for respondent.

[1]Reported in 135 Pac. 30.

PARKER, J.—The plaintiff alleges facts in his complaint upon which he seeks recovery of damages from the defendants, as follows: For his first cause of action:

"That defendants on May 27, 1912, in the county of Spokane, state of Washington, committed an assault upon the plaintiff and did beat, bruise, and injure the plaintiff, and did also use vile and abusive language of and toward plaintiff by reason of which plaintiff has suffered damages in the sum of ten thousand ($10,000)";

and for a second cause of action:

"That the defendants on May 27, 1912, in the county of Spokane, state of Washington, unlawfully conspired and confederated together for the purpose of doing plaintiff great bodily harm; that in pursuance of said conspiracy and in furtherance thereof, the defendant Blanche Covert, at the time and place aforesaid, shot at plaintiff with a rifle with intent to kill plaintiff and assaulted plaintiff with said deadly weapon."

A trial before the court and a jury resulted in a verdict in favor of the plaintiff awarding him $500 upon his first cause of action, and $250 upon his second cause of action. Judgment was entered accordingly for $750 and costs. The defendants moved for a new trial, when the court denied the motion upon condition that the plaintiff remit the $250 awarded the plaintiff upon his second cause of action. The plaintiff filed a notice and statement electing so to do. The judgment now stands in effect as though there had been recovery upon the first cause of action only. From this judgment, the defendants have appealed.

It is contended by counsel for appellants that the trial court erred in giving to the jury the following instruction:

"You are further instructed that, in an action for an assault and battery, the insult and indignity inflicted upon a person by giving him a blow in anger, rudeness, and insolence constitute an element of damages, and the jury in assessing damages may consider, as an aggravation of the wrong, the mental suffering and mortification of feeling of the party arising from the insult and indignity arising from the

assault, or assault and battery and the vile and abusive epithets used, if the evidence shows any such to have been used."

It is insisted that, since the vile and abusive language which the evidence tends to show was addressed by appellants to respondent accompanying the assault was not actionable within itself, it should not enter into the measurement of appellant's damages, and that the court was in error in so instructing. This contention seems to be rested upon the theory that abusive language can be considered only when it is actionable within itself, or in those states where punitive or exemplary damages are recoverable; such damages not being recoverable in this state. *Woodhouse v. Powles*, 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783.

We may concede that the language involved was not actionable apart from the assault. That it accompanied the assault, that it was abusive and insulting in the extreme, and that it evidenced an extreme degree of ill-will toward, and contempt for respondent, there was ample evidence to show. It seems to us that, in view of these facts, the jury might well conclude that the language used aggravated the actual injury received by respondent. Manifestly, the injury received by a person assaulted by another is not necessarily all physical. The mental distress of the assaulted person may be, and often is, a very material portion of the injury flowing from such a wrong. That this portion of the injury is more or less aggravated by the accompanying words and demeanor of the one making the assault, must be apparent to all. To measure his damage by such a standard is not allowing him punitive or exemplary damage, but only allowing him compensation for injury actually received. In 1 Sutherland, Damages (3d ed.), § 95, the learned author says:

"There has been a marked development of the law concerning liability for mental anguish or pain since the publication of the first edition of this work. It was then well settled that

such pain, when it resulted from physical injury, was an element of damages. There was originally a little hesitancy on the part of some courts in reaching that conclusion, but there is now no dissent from it. The mental suffering which can thus be recovered for must proceed from and be caused by the act or neglect which produced the physical injury. The bodily hurt which gives a right of recovery for the resulting mental suffering may be very small; if it is a ground of action it is enough. In actions for assault and battery the jury may consider, not only the mental distress which accompanies and is a part of the bodily pain, but that other condition of the mind of the injured person which is caused by the insult of the blows he received. The same state of mind is an element of damage when an assault has been maliciously made, though no actual physical harm was done. Thus one who assaults a woman with criminal intent, though her body be not touched, except by the foul breath and speech, should respond in damages for an outrage to her feelings which proceeds so directly from his concurrent criminal purpose and act. In an action of tort for a wilful injury to the person the manner and manifest motive of the act may be given in evidence as affecting the question of damages, for when the mere physical injury is the same it may be more aggravated in its effects upon the mind if it is done in wanton disregard of the rights and feelings of the plaintiff than if it is the result of mere carelessness."

In the text of 8 Am. & Eng. Ency. Law (2d ed.), 661, it is said:

"Injury to the feelings is an element of actual damages, and not punitive or vindictive . . . In this connection the motive of the wrongdoer is a material consideration, though affecting the question of compensatory damages simply. The reason for this is that if the wrong is committed wilfully, wantonly, or maliciously, it is likely to be more trying and aggravating in its mental effect than if such elements are lacking."

The following decisions lend support to the view that such damages are not punitive, but compensatory, and that it is not material that the abusive language or wantonness might not have been actionable apart from the physical injury.

*Wadsworth v. Treat*, 43 Me. 163; *Hawes v. Knowles*, 114
Mass. 518, 19 Am. Rep. 383; *Root v. Sturdivant*, 70 Iowa
55, 29 N. W. 802; *Carrick v. Joachim*, 126 La. 5, 52 South.
173, 28 L. R. A. (N. S.) 85. The following decisions of this
court are in harmony with this view, though not exactly in
point: *Willson v. Northern Pac. R. Co.*, 5 Wash. 621, 28
Pac. 468, 34 Pac. 146; *Hannan v. Gross*, 5 Wash. 703, 32
Pac. 787; *Neilson v. Hovander*, 56 Wash. 93, 105 Pac. 172;
*Caldwell v. Northern Pac. R. Co.*, 56 Wash. 223, 105 Pac.
625. We are of the opinion that the above quoted instruction
correctly states the law applicable to this case.

During the trial, the court having sustained objection in-
terposed by counsel for appellant to offers of evidence tend-
ing to prove damage resulting from the use of insulting lan-
guage accompanying the assault, the court allowed respond-
ent to amend his first cause of action by inserting therein the
words "and did also use vile and abusive language of and to-
ward plaintiff;" which words were not in his original com-
plaint. Error is assigned upon the court's allowance of this
amendment, and also upon its refusal to grant a continuance
because thereof.

Assuming, for argument's sake, that it was necessary to
plead such fact in order to entitle respondent to introduce
proof thereof, we have already seen that it was a material
fact which he was entitled to bring into the case in aggrava-
tion of damages. As to the claimed continuance, counsel has
not in his brief pointed to any fact showing that appellant's
rights were in the least prejudiced by the refusal of the con-
tinuance he asked for. Clearly continuance does not necessar-
ily follow as a matter of right from an amendment of a plead-
ing permitted during trial. We cannot say the action of the
court denying the continuance asked for was erroneous.

One of appellants' assigned grounds for a new trial was
surprise and newly discovered evidence. It appears that re-
spondent testified upon the trial that his face was badly
scratched and that the marks thereof remained on his face

for some days following the assault. Appellant Jason Covert, in his affidavit in support of his motion for new trial, states:

"That the defendants had no reason to believe that said plaintiff made any claim whatsoever of this scratching or any marks on his face as the result of being scratched . . . That he was surprised when the plaintiff made the statements he had relative to being scratched by the defendant, Blanche Covert; that he was not prepared to meet any evidence of that character."

He also states in his affidavit that he has discovered, since the trial, certain witnesses, naming them, who will testify that they saw respondent soon after the trouble, and that he did not then show signs of being scratched. Affidavits of these witnesses in substance to this effect were also filed. It seems to us argument is hardly necessary to demonstrate that evidence tending to show respondent was bruised or scratched was clearly admissible under the issues, as tending not only to show the assault but the extent of the resulting injury. It is almost inconceivable that there can be legal surprise at the introduction of such evidence. In *Friedman v. Manley*, 21 Wash. 43, 56 Pac. 832, it was said:

"It is difficult, therefore, to preceive how any of these matters complained of afford ground for legal surprise. The evidence was all competent, under the pleadings in the case; and, being competent, and the plaintiffs not having been misled by any inducement held out or deceit actually practiced, they are not at liberty to urge legal surprise as a ground for reversal of the judgment. 16 Am. & Eng. Enc. Law, 544, and cases there cited."

See, also, *Hardman Estate v. McNair*, 61 Wash. 74, 111 Pac. 1059; 1 Hayne, New Trial (Rev. ed.), § 79.

Appellants were bound to anticipate all material evidence which respondent might offer. They do not show that they might not have discovered this or other evidence to counteract this material and relevant evidence produced by respondent, had they been diligent and exercised due care in an-

ticipating proof which respondent was entitled to produce under the issues. Appellants' own showing points to the fact that they did not try to find evidence on this question until after the trial. Clearly, there was no abuse of discretion in the denial of the motion for new trial.

Other errors assigned were clearly without prejudice. We think they do not require discussion.

The judgment is affirmed.

CROW, C. J., MOUNT, GOSE, and CHADWICK, JJ., concur.