## SALISBURY v. POULSON.

No. 3183.    Decided March 27, 1918.    (172 Pac. 315.)

1. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—DISMISSAL—
NEW ACTION—STATUTE. Where plaintiff's first cause of action for false imprisonment, brought within the year limited by Comp. Laws 1907, Section 2879, was dismissed because after a jury was impaneled it was discovered that the copy of the complaint which defendant's counsel had obtained from the clerk's office was not a copy of the original complaint filed and verified by plaintiff, such dismissal was not a trial on the merits, and a second action, instituted within a year after the order of dismissal was not barred by section 2879, in view of section 2893, providing that if any action be commenced within due time, and plaintiff fail otherwise than on the merits, and the time limited for the same shall have expired, plaintiff may commence a new action within a year after the failure.[1] (Page 555.)

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION. In an action for false imprisonment, where there was no evidence indicating defendant was guilty of restraining plaintiff by personal violence, an instruction, correctly defining intentional restraint, and referring to restraint by personal violence, was harmless to defendant. (Page 556.)

3. FALSE IMPRISONMENT—EVIDENCE—REASONABLE VALUE OF SERVICES. Where an agreement is made as to the price to be paid for dental work, such agreement controls, and the reasonable value of the dentist's services, if otherwise competent, is immaterial in an action by the patient for false imprisonment by him to make her pay what he claimed she owed. (Page 556.)

4. FALSE IMPRISONMENT—ENFORCEMENT OF CONTRACT RIGHTS. Where a dentist did work for a patient for an agreed price of $33, and

[1] Luke v. Bennion, 36 Utah, 61, 106 Pac. 712.

she claimed that the agreed price was $22, he had no right to take the law into his own hands and imprison plaintiff in his office to force her to pay the amount due him under the agreement, or to enforce any lawful rights to which he was entitled. (Page 556.)

5. FALSE IMPRISONMENT—UNLAWFUL RESTRAINT. Where a dentist, claiming his woman patient owed him $33 for plate work, while she claimed that she owed only $22, kept such patient in his office, locking the door, to force her to return the plate or to pay what he claimed, he falsely imprisoned her by unlawfully restraining her liberty, and was liable therefor. (Page 557.)

Appeal from District Court of Cache County, First District; *Hon. J. D. Call*, Judge.

Action by Matilda Salisbury against Dr. P. M. Poulson.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*A. A. Law* for appellant.

*Nebeker, Thatcher & Bowen* for respondent.

GIDEON, J.

Plaintiff, respondent here, brought this action in the district court of Cache county to recover damages for unlawful restraint and imprisonment of plaintiff in the office of defendant at Logan, Utah, on or about the 17th day of July, 1914. It appears from the record that the defendant was at that time, and had been for a number of years, practicing dentistry in that city; that immediately prior to that date the defendant, under contract, had been repairing a set of teeth and doing other dental work for the plaintiff. It is contended by the plaintiff that the agreed price for such work was twenty-two dollars; on the part of the defendant it is claimed that the agreed price was thirty-three dollars. It also appears that on or about the 16th day of July plaintiff went to the office of defendant for the purpose of having the plate tested,

and on that day paid the defendant the sum of eleven dollars.
On her return the following day to get the plate she tendered
to defendant an additional eleven dollars, at which time she
and defendant were alone in defendant's office. It also
appears that on the preceding day the defendant had given
to the plaintiff a receipt or statement in which the price of the
work was stated at thirty-three dollars. This plaintiff claimed
she did not read until she returned home for the reason that
she did not have her glasses with her and could not see to read
without them. On the 17th, when plaintiff returned, she placed
the plate in her mouth, handed the defendant a check for eleven
dollars and stated, "There is the balance due you," where-
upon it seems the defendant became excited, applied vile
epithets to the plaintiff; stated to her that she was a liar;
that she knew the price of the work was thirty-three dollars;
proceeded to lock the door from his office into the exit and also
another door leading into a different room; and informed the
plaintiff in very emphatic language that she could not leave
his office until the work was paid for, and that if she did not
leave the teeth or pay the price he would take the dental work
out of her mouth. He further stated that he would call the
police, and when he attempted to do so by telephone plaintiff
arose as though to leave, whereupon defendant immediately
returned to where plaintiff was standing, shook his fist in her
face, used profane language toward her, told her she could
not leave, and told her to keep her seat until he had telephoned.
He thereupon telephoned to the marshal of the town who in a
short time came over to ascertain the trouble. At that time
the defendant unlocked the door and admitted the officer, and
again applied the same language toward the plaintiff in the
presence of the officer, told her she could not leave his office
without paying for the teeth or leaving the teeth. On the
advice of the officer, the plaintiff left the teeth at the office,
went to her groceryman in the town, obtained the additional
eleven dollars, returned and paid it to the defendant, and
received her teeth. Plaintiff had then been in defendant's
office between thirty and fifty minutes. It further appears that
the plaintiff became very nervous and sick, and as a result of

her experience suffered a miscarriage a few days thereafter. Plaintiff was awarded both compensatory and punitive damages in the court below, and from that judgment defendant appeals.

It is contended by the appellant that the cause of action is barred by subdivision 3 of section 2879, Comp. Laws Utah 1907, which is as follows:

"Action for forfeiture, libel, assault, etc.   *   *   *   Within one year:   *   *   *   An action for libel, slander, assault, battery, false imprisonment, or seduction."

In that regard it appears that on the 22d day of December, 1914, summons was served on the defendant, with notice that within ten days thereafter complaint would be filed with the clerk of the district court. It also appears that the attorney for plaintiff in preparing the complaint had drawn two complaints which differed in a material way, and that the plaintiff, after service of the summons, verified one complaint, and that complaint was filed with the clerk within the ten days. At the same time, through a mistake or oversight, the plaintiff failed to file a correct copy of the complaint verified by the plaintiff, but filed a copy of the other complaint prepared by plaintiff's counsel. Defendant's counsel subsequently secured the supposed copy of the complaint filed with the clerk, and in due time filed an answer thereto, and the cause of action was not called for trial until November 19, 1915. After the action had been called and a jury impaneled it was discovered for the first time that the copy of the complaint which defendant's counsel had obtained from the clerk's office was not a copy of the original complaint filed, and which had been verified by plaintiff. Thereupon, on motion of defendant counsel, that action was dismissed. Thereafter, on or about the 7th day of December, 1915, summons was served upon appellant, and the complaint in the present action filed, issues joined thereon and a trial had. Additional damages are claimed in this second cause of action not mentioned in the former action, but the causes of action mentioned in both complaints are based on the same act, and grew out of the same unlawful restraint or imprisonment, and is therefore the same cause of

action. It is the contention of appellant that as more than one year had elapsed between the time of the injury complained of and the time of filing the second action, the cause of action is barred. Section 2893, Comp. Laws Utah 1907, is as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action or upon a cause of action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Under the facts stated, it is apparent that the dismissal of the first cause of action was not a trial upon the merits, and the second action having been instituted within one year after the order of dismissal, that action is not barred by the provisions of the statute. *Hall* v. *Hurd,* 40 Kan. 374, 19 Pac. 802; *Luke* v. *Bennion,* 36 Utah, 61, 106 Pac. 712.

Other assignments of error refer to the instructions as given by the court and the refusal of the court to give other instructions requested by the defendant. It is especially urged that reference by the court in its instruction No. 4, in defining what constitutes an intentional restraint of the personal liberty of another, that the defendant was prejudiced by the court referring in that instruction to restraint by personal violence. No intimation was made in that instruction to show that the defendant in this case did exercise personal violence, but the court simply proceeded to define what constituted the intentional restraint by one person of another of his personal liberty, and stated that that might be effected by words alone, by acts alone, or by both acts and words, or by personal violence. No complaint is made that that instruction is not a correct legal definition of what constitutes intentional restraint, and if there is no evidence in the record indicating that the defendant was guilty of restraining the plaintiff by personal violence, it is difficult to see in what way he would be prejudiced by that instruction.

Complaint is also made that the court erred in its refusal to

permit defendant, over plaintiff's objections, to introduce proof as to the reasonable value of the work or services rendered plaintiff by defendant. Both parties contended that there had been an agreement and a price fixed for the work agreed upon. True, they did not agree as to the amount, but it being admitted that some agreement had been made as to the price of the work and services, the reasonable value of the same was therefore not a question in the case. In addition, let it be admitted that the defendant was right as to the correct price, and that the services and work were reasonably worth that amount, still that would give him no right to take the law into his own hands and imprison the plaintiff to enforce his version of the contract or to enforce any lawful rights to which he might have been entitled.

There are some further objections to the instructions given, but they are without merit. A careful reading of the entire instructions will disclose that the defendant, not only was not prejudiced by the instructions, but that every contention or defense made by him, whether he was legally entitled to it or not, was submitted to the jury, and the instructions were not only fair to the defendant, but were as favorable to him as he could possibly have any right to expect.

The acts of the defendant as disclosed by the record, in our judgment, not only justified the jury in its finding that the plaintiff was unlawfully restrained of her personal liberty, but, on the contrary, we do not see how any other finding is deducible from the defendant's own testimony. That the acts of defendant constituted unlawful restraint of plaintiff's liberty is amply supported by the authorities. *Kroeger* v. *Passmore*, 36 Mont. 504, 93 Pac. 805, 14 L. R. A. (N. S.) 988.

We find no prejudicial error in the record. Judgment is therefore affirmed. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.