## MARBLE v. JENSEN.

No. 3272. Decided Jan. 6, 1919. (178 Pac. 66.)

1. ASSAULT AND BATTERY—EXEMPLARY DAMAGES—JURY QUESTION. In action for assault and battery, it was error to refuse a requested instruction as to exemplary damages, and to instruct that the jury was not to consider that question.[1] (Page 228.)

2. ASSAULT AND BATTERY—SUFFICIENCY OF EVIDENCE. Evidence *held* to show commission of assault and battery. (Page 228.)

3. ASSAULT AND BATTERY—RIGHT TO RECOVER NOMINAL DAMAGES. In action for assault and battery, where the assault and battery was conclusively proven, plaintiff was entitled at least to nominal damages. (Page 228.)

4. ASSAULT AND BATTERY—ELEMENTS OF DAMAGES. The victim of assault and battery was entitled to have considered, on the question of damages, the shame, humiliation, loss of reputation, and injury to personal feelings growing out of the assault and battery. (Page 228.)

Appeal from the District Court of Box Elder County, First District; *Hon. J. D. Call*, Judge.

Action by D. B. Marble against Alfred Jensen.

---

[1] *Hirabelli* v. *Daniels*, 40 Utah, 513, 121 Pac. 966; *Salisbury* v. *Poulson*, 51 Utah, 552, 172 Pac. 315.

Judgment for defendant. Plaintiff appeals.

REVERSED and remanded.

*LeRoy B. Young* for appellant.

*B. C. Call* for respondent.

CORFMAN, J.

Plaintiff sued to recover damages for an alleged assault and battery. In substance the complaint alleges: That on March 2, 1918, while plaintiff· was engaged in peaceful conversation with a large number of friends and acquaintances upon the public streets of Brigham City, Utah, the defendant wrongfully, viciously, and brutally assaulted him, by striking him with his fist, knocking him to the ground, and rendering him insensible; that by reason of the said unlawful attack plaintiff suffered great bodily pain, mental anguish, and great humiliation in the community where he resides. The complaint further alleges the act of defendant was without any justifiable cause or excuse, and that it was done solely with a malicious intent to vex, annoy, and injure the plaintiff, and to hold him up to public ridicule among his friends, acquaintances, and business associates; that as a result of the injuries received plaintiff has suffered actual damages in the sum of $500; and that by reason of the complete absence of provocation, and the malicious and gross wantonness and willfulness of the act, plaintiff is entitled to exemplary damages in the further sum of $500, for all of which judgment is prayed. The answer admits that the defendant struck the plaintiff, pleads justification for the reason that defendant believed plaintiff was about to strike him, and denies the other allegations of the complaint. The case was tried to a jury. A verdict was returned, "No cause of action," and judgment was entered accordingly. Motion for a new trial was made and denied.

Errors assigned on appeal go to the refusal of the trial

court to charge the jury as requested by plaintiff, the giving of certain instructions, and also to the admission and rejection of certain testimony. The principle contention of the plaintiff is that the trial court withdrew the question of exemplary damages from the consideration of the jury, and refused to charge as to the elements of damages recoverable in actions for assault and battery.

There was very little conflict in the testimony. The record affords very clear and convincing proof that an assault and battery was committed. There is also much testimony in the record tending to show that the act complained of by plaintiff was committed without sufficient provocation and without any justifiable excuse. It seems that the act complained of was committed on Main street of Brigham City, in the presence of friends and business associates of the plaintiff. The plaintiff had been walking up the street, when defendant solicited the plaintiff to approach him, and after plaintiff's doing so, a dispute arose between the parties over the alleged promise and failure of the plaintiff to furnish gates for a right of way near defendant's land. Immediately after the plaintiff had denied having promised to furnish the gates, defendant struck the plaintiff on the jaw below the ear, knocking him down, and rendering him unconscious, in the presence of a large crowd of bystanders. By reason of the injury received from the blow the plaintiff became sick, and was confined to his home for about 10 days. The plaintiff testified that he was not only sick and sore from the injury he received from the blow, but that he thereafter was greatly humiliated by hearing his name discussed by others, and that his reputation had been injured as a result of the affair.

The plaintiff requested that the jury be instructed as to principles of the law applicable to the facts in the case. This the trial court refused to do. On the contrary, the court expressly charged the jury that they were not to consider the question of exemplary or punitive damages. The refusal of the trial court to accede to plaintiff's request for the giving of an instruction bearing upon the question of exemplary damages, and the giving of an instruction, over plaintiff's objection, that exemplary dam-

ages were not to be taken into consideration at all by the jury, in our judgment, were prejudicial errors. 5 C. J. p. 708, par. 166; Sedgwick, Damages (9th Ed.) pars. 363a and 366; *Hirabelli* v. *Daniels,* 40 Utah, 513, 121 Pac. 966; *Salisbury* v. *Poulson,* 51 Utah, 552, 172 Pac. 315. As we view the record in this case, it is conclusively shown by the testimony that an assault and battery was committed. That being true, the verdict was against law. The jury should have found for plaintiff, at least nominal damages.

In the course of the trial certain questions were propounded to witnesses by plaintiff, whereby he sought to prove that he had suffered damages in the way of shame, humiliation, loss of reputation, and injury to his personal feelings, growing out of the assault and battery committed by the defendant upon him. The trial court, we think erroneously, refused to admit this testimony. These are elements that may be properly considered by the jury in this class of cases. See 5 C. J. 702; *Burger* v. *Covert,* 75 Wash. 528, 135 Pac. 30, Ann. Cas. 1915C, 81, and note; *Lonergan* v. *Wm. Small & Co.,* 81 Kan. 48, 105 Pac. 27, 25 L. R. A. (N. S.) 976; *Maisenbacker* v. *Society Concordia,* 71 Conn. 369, 42 Atl. 67, 71 Am. St. Rep. 213; *Stewart* v. *Watson,* 133 Mo. App. 44, 112 S. W. 762; *Fleming* v. *Loughren,* 139 Iowa, 517, 115 N. W. 506; *Burns* v. *Jones,* 211 Mass. 475, 98 N. E. 29.

For the reasons heretofore stated, it is ordered that the judgment of the district court be reversed, and the cause is remanded, with directions that the plaintiff be granted a new trial; appellant to recover costs.

FRICK, C. J., and THURMAN and GIDEON, JJ., concur.

McCARTY, J., died after submission of this cause and before the filing of the opinion.