[No. 17334.     Department Two.     March 8, 1923.]

R. W. KNIGHT, *Respondent*, v. ROSS E. HIBLER *et al.*, *Appellants*.[1]

EVIDENCE (101)—DECLARATIONS—ADMISSIONS AGAINST INTEREST. In an action for an assault and battery, statements made by one of the defendants shortly after are admissible against him as declarations against interest.

ASSAULT AND BATTERY (3)—EVIDENCE—ADMISSIBILITY. In an action for an assault and battery growing out of the parking of an automobile at a prohibited place, cross-examination as to whether a party knew what the ordinances provided is objectionable, as immaterial; violation thereof being no excuse for an assault.

SAME (5)—DAMAGES—EXCESSIVE VERDICT. A verdict for $812 for an assault and battery cannot be held excessive although there was no permanent injury, in view of the mental distress, aggravated by accompanying words and demeanor.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 14, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

[1] Reported in 213 Pac. 675.

*W. H. Bolen,* for appellants.

*Rummens & Griffin,* for respondent.

FULLERTON, J.—The respondent, R. W. Knight, brought this action against the appellants, Hibler, who are father and son, to recover in damages for an assault and battery. The appellants, while admitting the battery, defended on the ground that it was provoked by the respondent, and that they acted in self-defense, and not otherwise. The trial was had before the court sitting with a jury, and resulted in a verdict and judgment against the appellants in the sum of $812.50.

The facts need not be stated at length. At the time the assault and battery occurred, the elder Hibler was conducting a grocery store in the city of Seattle, and his son was in his employ. Prior thereto he had attempted to reserve a space in front of his store against the parking of automobiles, and had placed a commercial zone parking sign at the curb of the street on which was a notice to the effect that parking automobiles at that place was prohibited. The respondent, in a touring car, drove to the space and proceeded to park his car therein, when he was ordered away by the elder Hibler. An altercation took place between them, during which the respondent was assaulted by Hibler, in which assault the son later joined. The evidence is in direct conflict as to the reason for the assault, but there was enough to warrant the jury in finding that the assault was committed without justification or excuse.

The appellants first complain of the admission in evidence of statements made by the elder Hibler in a conversation had between him and the respondent when they met on the street sometime after the assault occurred. But we see no objection to the evidence. The rule of *res gestae,* which the appellants invoke,

has no application to the situation. The rule of *res gestae* is simply an exception to the hearsay rule. Under it the exclamations of by-standers, self-serving declarations of the parties themselves, statements made by the agents of the principals, and the like, are admissible, on the principle that they are a part of the transaction—that they are verbal acts tending to elucidate, explain and characterize the main fact at issue. But declarations against interest by a party to an action are admitted on a different principle. They are competent evidence in favor of the other side because they tend to establish the truth of his cause of action. The evidence here thought to be objectionable was in the nature of a declaration against interest, and was admissible as substantive evidence on the part of the respondent, whether made while the assault was in progress or later. It may be that the declarations were inadmissible as to the younger Hibler, but there was no objection on this ground, nor was the court requested to limit the application of the declarations to the party making them, and it is now too late to make the objection.

The court sustained an objection to the following question, propounded to the respondent on cross-examination:

"Do you know what the Seattle ordinances provide, if you knew you were within the law as to parking in that space in that particular hour of the morning?"

The objection was sustained on the ground of immateriality, but the appellants argue that the inquiry was material as tending to show the intent of the respondent; possibly meaning an intent on the part of the respondent to violate a city ordinance. But we agree with the trial court that an answer to the question, either negatively or affirmatively, would throw no

light on the question at issue. The appellants were not conservators of the peace, and the respondent's violation of an ordinance would not justify them in assaulting and beating him.

The appellants assign error on three of the instructions given to the jury by the court, and on the refusal to give some eight others which were requested and which the court did not give in the form requested. To notice these in detail would be to unduly extend this opinion without purpose. Suffice it to say, therefore, that we have carefully examined the instructions given and find that they cover the appellants' theory of the case as fully and completely as the facts and the law warranted.

Finally, it is contended that the verdict is excessive, but we find no substantial merit in the claim. There was no lasting or permanent physical injury, it is true, but this is not the sole measure of the injured person's right of recovery for an assault and battery. As we said in *Burger v. Covert,* 75 Wash. 528, 135 Pac. 30, Ann. Cas. 1915C 81:

"Manifestly, the injury received by a person assaulted by another is not necessarily all physical. The mental distress of the assaulted person may be, and often is, a very material portion of the injury flowing from such a wrong. That this portion of the injury is more or less aggravated by the accompanying words and demeanor of the one making the assault, must be apparent to all. To measure his damage by such a standard is not allowing him punitive or exemplary damage, but only allowing him compensation for injury actually received."

Measured by this standard, there is no cause to interfere with the verdict on this ground.

The judgment is affirmed.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.