## JONES v. JENKINS.

Circuit Court of Appeals, Eighth Circuit.
October 29, 1927.

No. 7756.

1. **Limitation of actions** ⊜⇒130(5)—**Under Utah statute of limitations, plaintiff may commence new action within one year after dismissal of first, though limitation has run (Comp. Laws Utah 1917, § 6484).**

Comp. Laws Utah 1917, § 6484, providing that, "if any action be commenced within due time and * * * plaintiff fail in such action * * * otherwise than upon the merits, and the time limited for the same shall have expired," he may commence a new action within one year thereafter, applies where plaintiff dismissed the first action without prejudice.

2. **Courts** ⊜⇒489(11)—**Receiver of National bank may maintain action in state court to enforce stockholder's liability.**

A district court of Utah, in which the action was commenced, and another to which it was removed on change of venue, held to have jurisdiction of an action by the receiver of a national bank to enforce a stockholder's liability.

3. **Limitation of actions** ⊜⇒130(6)—**On failure of action in state court, second action permitted by statute within one year may be brought in federal court (Comp. Laws Utah 1917, § 6484).**

On failure of an action brought by the receiver of a national bank to enforce a stockholder's liability in a state court, otherwise than on the merits, the new action, which, under Comp. Laws Utah 1917, § 6484, may be commenced within one year, may be brought in a federal court.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action at law by Edward E. Jenkins, receiver of the National City Bank of Salt Lake City, against E. H. Jones. Judgment for plaintiff, and defendant brings error. Affirmed.

Ricy H. Jones, of Salt Lake City, Utah, for plaintiff in error.

Paul H. Ray, of Salt Lake City, Utah (E. M. Bagley and Robert L. Judd, both of Salt Lake City, Utah, on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

LEWIS, Circuit Judge. Jenkins, as receiver of the National City Bank of Salt Lake City, brought this action against Jones in the court below, alleging in his complaint (1) that the bank was a national banking corporation organized under the laws of the United States; (2) that on February 3,

1922, the Comptroller of the Currency, having determined that the bank was insolvent, appointed Jenkins as its receiver, who qualified as such; (3) that it appearing to the satisfaction of the Comptroller the bank was unable to pay its debts, it became necessary to enforce the individual liability of the stockholders to the extent of an assessment of $100 upon each share of the capital stock, and the Comptroller did on March 8, 1922, make such an assessment and requisition upon all st. ckholders of said bank to be paid by them ratably on or before April 17, 1922; (4) that defendant Jones was at the time the bank failed and for a long time theretofore had been the owner and holder of 55 shares of its capital stock, standing in his name on the books of the bank; (5) that on February 10, 1923, Jenkins filed a suit against Jones on the same claim herein sued upon, in the State district court of Utah for the Third Judicial District, that said suit was on March 12, 1924, removed to the State district court for the First Judicial District, where the same was docketed and remained pending at issue until October 10, 1924; when upon motion of Jenkins it was dismissed without prejudice and immediately thereafter this action was filed in the court below; and (6) that by reason of the premises the sum of $5,500 became due and payable to plaintiff by defendant on April 17, 1922, which with interest remained wholly unpaid, though demand therefor had been made upon Jones.

Jones demurred on the ground, among others, that the action was barred by the Statute of Limitations of Utah, section 6468, Compiled Laws 1917, which being overruled, he answered and again plead the bar.

At the trial plaintiff established all allegations of his complaint by proof, when both parties rested, and defendant announced that, "The only issue before the court is the question of the Statute of Limitations." Judgment went for plaintiff for $5,500, interest and costs.

The statute relied on as a bar is this: "An action for liability created by the statute of a foreign state or by the statute of this state other than a penalty or forfeiture under the laws of this state shall be begun within one year." Other sections of the statute prescribe that an action on a written instrument may be commenced within six years; and an action upon a contract, obligation or liability not founded upon an instrument of writing must be commenced within four years.

The relevant Acts of Congress on the subject are sections 5151 and 5234, Revised Statutes, and section 1 of the Act of June 30,

1876 (19 Stat. 63), now found as sections 63, 191 and 192, in 12 USCA. The cases that have considered the question whether the stockholder's liability is contractual or created by statute leave the correct answer in doubt. Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864; First Nat. Bank v. Hawkins, 174 U. S. 364, 19 S. Ct. 739, 43 L. Ed. 1007; Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437; McClaine v. Rankin, 197 U. S. 155, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500. We said in Fulkerson v. Shaffer (C. C. A.) 217 F. 355, in considering an Oklahoma statute which provided for the personal liability of stockholders of a State bank and for assessments upon shares thereof for the purpose of paying the bank's indebtedness, that the shareholder's liability under the statute was contractual in character; and some of the cases just cited were referred to to support that statement. But a decision of the point was not necessary under the facts of that case and the statement may, therefore, be regarded as obiter. However, an answer to the question seems unnecessary and to be an immaterial point in the instant case, for if we should hold that the liability of Jones was created by Acts of Congress and therefore statutory, and within the terms of the Statute of Limitations relied on, nevertheless, the plea that the bar had fallen could not be sustained, as we will now attempt to show.

[1] It will be observed that it was alleged in the complaint that plaintiff instituted a suit against the defendant on February 10, 1923, on the claim herein sued upon in the State district court for the Third Judicial District, which was within one year after the assessment on defendant's stock was due and payable, that said suit was removed from the district court for the Third Judicial District to the district court for the First Judicial District of the State on March 12, 1924, that issue was joined and on October 10, 1924, said suit was dismissed without prejudice on the motion of plaintiff and immediately thereafter this action was begun. Section 6484 of the Utah statute reads thus:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action or upon a cause of action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure." The facts plead and proven brought

plaintiff's case clearly within the terms of this section of the statute. Salisbury v. Poulson, 51 Utah, 552, 172 P. 315; Platz v. Smelting Co., 61 Utah, 342, 213 P. 187. In Luke v. Bennion, 36 Utah, 61, 106 P. 712, these were the facts: Luke first brought his action in a justice court on November 4, 1896, summons was issued but it did not appear that it was ever served. On December 10, 1904, Luke brought the same action in the district court, and two days thereafter the justice, on Luke's motion dismissed the action that had been brought in time on November 4, 1896. The defendant set up a five-year Statute of Limitations, which the trial court held good in bar. In an opinion holding this to be error because of the provisions of section 6484, then section 2893, Comp. Laws 1907, the supreme court of Utah said:

"The material questions presented are, when did plaintiff's action in the justice court fail, and was plaintiff's voluntary dismissal of the action a failure not upon merits, within the meaning of the statute? * * * The statute in question seems to have been taken from the Kansas statute. In construing it the Supreme Court of Kansas held that: 'Where a plaintiff dismissed his action, he "fails in such action," and the failure is "otherwise than upon the merits." It is not necessary to inquire what caused the failure in the action, * * * why it was dismissed. It is sufficient that he failed to obtain the object of his suit, and that his failure was not upon the merits.' * * * We are therefore of the opinion that the voluntary dismissal of the action in the justice court was a failure of the action otherwise than upon the merits, and within the meaning of section 2893, and that the court erred in holding the action brought in the district court barred by the Statute of Limitations."

[2] But counsel for Jones seems to contend (1) that neither the State district court in which the first suit was brought nor the district court to which it was removed had jurisdiction, and therefore section 6484 does not apply; and (2) that bringing the second suit in the Federal court on its failure in the State court was not within the purpose of the section. As to the first, under the Constitution of Utah, art. 8, § 7, and the construction thereof by its Supreme Court, its district courts are courts of original and general jurisdiction. They have power to hear and determine all justiciable controversies where the parties to the litigation are in court by appearance or summons, except over such controversies as may be denied to them either by the constitution or statute; and we know

of no statute or constitutional provision—we have been cited to none—denying to those courts jurisdiction over this controversy and plaintiff's cause of action. The section of the constitution is this:

"The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this constitution, and not prohibited by law."

In Davidson v. Hunter, 22 Utah, 117, 61 P. 556, the court said:

"The district courts of this state, under the provisions of the constitution, have original jurisdiction in all matters, civil and criminal, not excepted in the constitution, and not prohibited by law. The jurisdiction of said court in the case is not within any exception, and is not prohibited by law. Therefore there is no doubt but that the court had jurisdiction of the subject matter of the action, and that the suit was brought in the proper county."

See Sanipoli v. Pleasant Valley Coal Co., 31 Utah, 114, 86 P. 867, 10 Ann. Cas. 1142; Baker Lumber Co. v. A. A. Clark Co., 53 Utah, 336, 178 P. 764.

The Utah statutes, sections 6525–6534, prescribe the counties in which different kinds of causes of action may be brought and tried —actions concerning real property, for the recovery of fines, penalties and forfeitures, against public officers and actions on written contracts which specify the place of performance. Then sections 6529 and 6530 provide for the county in which a transitory cause of action shall be brought, if the same arise without the state; then section 6531 provides that in all other cases the action must be tried in the county in which the cause of action arises or in the county in which any defendant resides at the commencement of the action. Section 6532 says:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

The following section names several grounds for change of venue, among them, that the county designated in the complaint is not the proper county. The record discloses that the transfer of the case from the Third to the First district was made on the motion of Jones, but it does not show the ground thereof; but if it did, we certainly cannot review that action and must hold that each of the State district courts had jurisdiction while the case was pending respectively in them. There is no statute of the United States giving the Federal court exclusive jurisdiction of this suit, and the issue could be brought on and litigated in the State courts. Minneapolis & St. L. R. R. Co. v. Bombolis, 241 U. S. 211, 36 S. Ct. 595, 60 L. Ed. 961; Plaquemines Tropical Fruit Co. v. Henderson, 170 U. S. 511, 18 S. Ct. 685, 42 L. Ed. 1126; Claflin v. Houseman, 93 U. S. 130, 23 L. Ed. 833; Rose on Federal Juris. & Pro. (2d Ed.) § 158. But after all that has been said, how does it matter whether either State court had jurisdiction? for if they did not that would be a failure of plaintiff's action in those courts "otherwise than upon the merits." Smith v. McNeal, 109 U. S. 427, 3 S. Ct. 319, 27 L. Ed. 986.

[3] As to the second contention, we see no reason for holding that the suit could not be brought in the Federal court or in any other court having jurisdiction within one year after the same suit had failed in the State court otherwise than upon its merits. It was so held in McIver v. Florida Cent. & P. R. Co., 110 Ga. 223, 36 S. E. 775, 65 L. R. A. 437; Atlanta K. & N. Ry. Co. v. Wilson, 119 Ga. 781, 47 S. E. 366; Cox v. Strickland, 120 Ga. 104, 47 S. E. 912, 1 Ann. Cas. 870. See also Lamson v. Hutchings (C. C. A.) 118 F. 321.

The judgment is affirmed.