## A. N. McINTOSH, Appellant, v. SALT LAKE COUNTY, Respondent.

COUNTY WARRANTS—VALIDITY—CURATIVE STATUTE—INTEREST.

Session Laws 1896, page 178, chapter 64, validated debts which counties had contracted in excess of the limit of indebtedness.  Chapter 131, section 59, provided that county warrants should bear five per cent interest from the time of presentation till paid.  *Held,* that a county warrant issued prior to 1896, and void as in excess of the debt limit, and also containing an invalid provision for the payment of eight per cent interest, though interest on county warrants was not then authorized, was only validated by chapter 64 as to the principal, and not as to the interest, and hence the holder thereof was only entitled to five per cent interest from the time chapter 131 went into effect.[1]

Decided June 3, 1901.

Appeal from District Court, Salt Lake County.—*Hon. A. N. Cherry,* Judge.

---

[1] Daggett v. Lynch, 18 Utah 49; 54 Pac. 1095.

Action on a county warrant by A. N. McIntosh against Salt Lake county. From a judgment in favor of the defendant, plaintiff appeals.

AFFIRMED.

*Messrs. Stephens & Smith* for appellant.

*Messrs. Parley P. Christensen* and *F. C. Loofbourow* for respondent.

MINER, C. J.—This action was brought to recover upon several warrants issued by Salt Lake county in 1894, with interest at eight per cent. per annum from date of presentation for payment until funds were received into the hands of the treasurer to pay the principal and interest. The warrants were issued in excess of the debt limit. They were presented for payment January 3, 1895, and payment refused for want of funds. Since such date the principal on said warrants has been fully paid, and also interest thereon at the rate of five per cent. per annum from the fifth day of June, 1896. The only question for determination is whether interest should be allowed at eight per cent. from the date of the presentation of the warrants for payment and refusal to pay, instead of five per cent. from June 5, 1896; that being the date when the statute (section 59, c. 131, Sess. Laws 1896) became operative which allowed interest at five per cent. to September 20, 1897, the time when the county offered to pay. The appellant contends that interest should be paid on such warrants at the rate of eight per cent. per annum from the date of presentation for payment, which was about January 3, 1895, and claims that the county is estopped from interposing any defense to this claim for interest by virtue of a decision rendered in the Third District Court for Salt Lake county in 1893, wherein W. P.

O'Meara was plaintiff, and holder of a warrant drawing eight per cent. against Salt Lake county, in which case the court decided and held that said county was liable upon its warrants and agreements to pay interest thereon at eight per cent. from the date of presentation for payment, and contends that the plaintiff purchased said warrants relying upon such decision defining the legal status of said warrants, etc. The respondent has established the fact that on September 20, 1897, it offered to pay the warrants with interest at five per cent, per annum from June 5, 1896, to the date of the call for the payment of the same on September 20, 1897, and claims that at the time the warrants were issued the county had no power to contract to pay interest on said warrants, and that this disability continued until the passage of section 59, Chapter 131, Session Laws 1896, authorizing the payment of interest thereon at five per cent. Prior to June, 1896, there was no statute authorizing the payment of interest on county warrants of the character in question. By chapter 64, p. 178, Session Laws 1896, the Legislature of this State validated certain debts contracted by counties in the Territory of Utah prior to the fourth day of January, 1896, notwithstanding the indebtedness was contracted in excess of the limit of indebtedness fixed by law. By the provisions of section 59, chapter 131, p. 540, Session Laws 1896, being section 557, Revised Statutes 1898, it was provided that county warrants should draw five per cent. interest from the time of presentation for payment until paid. This act became operative June 5, 1896. This case is governed by the rule laid down in the case of Daggett v. Lynch, 18 Utah 49, 54 Pac. 1095. It was there held that the warrant upon which recovery was sought, and which was of the same character as those sued upon in this case, was void because it was issued in excess of the debt limit, and that so much of it as provided for the payment of interest was also void, because there was no law in force when it was issued authoriz-

ing a contract to pay interest. The act of March 25, 1896, validated it, so far as it was void because it exceeded the debt limit, but not so far as it was void because it provided for the payment of interest without authority of law. In that case the law validated it as to principal, but not as to interest. The offer on the part of the county to pay the warrants was made September 20, 1897. The law validating the warrants as to principal took effect on June 5, 1896, and from that date interest should be paid on the principal sum named in the warrants at the rate of five per cent. to the twentieth day of September, 1897, and not afterwards. As this interest has already been paid, the contention of the appellant is without merit. The case of Auerbach v. Salt Lake Co., 23 Utah 103, 63 Pac. 907, is based upon a different state of facts, and does not conflict with the holding in Daggett v. Lynch, supra. The contention of the appellant that respondent was estopped by the facts stated in the pleadings is untenable. The proceeding referred to arose between different parties on a different subject-matter, and before a different tribunal. The judgment of the district court is affirmed, with costs.

*Baskin* and *Bartch, JJ.,* concur.