## KRAMER v. PIXTON, State Bank Examiner, et al.

No. 4627.   Decided June 21, 1928.   (268 P. 1029.)

1

2

*P. G. Ellis,* of Salt Lake City, for appellant.

*Oscar W. McConkie,* of Monticello, for respondents.

GIDEON, J.

This action was brought in the district court of Salt Lake county to restrain the enforcement of a judgment rendered in Utah county in favor of defendant Pixton as state bank examiner against Henry A. Kramer, plaintiff. Kramer was defendant in the Utah county action. The ground alleged for injunctive relief is that summons in the Utah county action was not served upon plaintiff, Kramer, and that he did not appear in said action or authorize an appearance therein. The district court of Salt Lake county entered its order dismissing the action. Plaintiff appeals.

Respondents appeared in the action and demurred for want of jurisdiction of the persons of defendants and of the subject-matter, and also that the complaint did not state a cause of action. Respondents also interposed a motion to dismiss the action on the same grounds. Pixton is the state bank examiner of Utah and as such officer is a party. Patten is sheriff of Salt Lake county, Utah, and as such was in the exercise of his duties in attempting to enforce the judgment sought to be annulled. The judgment against plaintiff, as rendered by the Utah county court, is upon an alleged claim against plaintiff in favor of the Payson Exchange Bank. That bank became insolvent. It suspended business and its effects were taken over by the bank examiner. Examiner Pixton was in the discharge of his duty administering the bank's affairs at the date of the judgment rendered against plaintiff by the district court of Utah county.

The facts appearing in the complaint, and which are admitted by the demurrer, may be briefly stated as follows:

In April, 1927, respondent Pixton, as state bank examiner, caused to be docketed in the office of the county clerk of Salt Lake county a certified transcript of the docket entries of a purported judgment rendered against appellant and in favor of Pixton as such bank examiner in the district court of Utah county. The transcript was docketed and an exe-

cution issued upon such judgment. This execution was placed in the hands of respondent Patten, as sheriff of Salt Lake county, and he was directed and requested to levy upon the property of appellant, and especially upon certain real property situate in Salt Lake county and specifically described in the complaint. It is alleged that appellant was never served with summons in the Utah county action; that he did not appear nor did he cause his appearance to be entered in such action; that he knew nothing of the purported pendency of said action, or that he had been sued, or that any judgment was claimed to have been entered against him until within 30 days prior to the commencement of the present action. It is further averred in the complaint that by reason of the failure of service and no appearance in said action the district court of Utah county never acquired jurisdiction over appellant, and therefore never had any right, either in fact or in law, to enter or cause to be entered any judgment against him for any sum of money or for any relief whatsoever, and that, therefore, the judgment so entered is null and void; that the certified and recorded transcript in Salt Lake county is likewise of no effect. The complaint states that appellant is the owner of real estate in Salt Lake county and that by reason of the docketing and recording of the transcript the void judgment therein recited constitutes a prima facie lien of record on plaintiff's real property. It is further alleged that appellant had no notice or knowledge of the entry of such Utah county judgment for much more than one year after the entry of the same, and that he has no speedy or adequate remedy at law and that respondents, unless restrained by order of court, will proceed to sell his property for the satisfaction of the void judgment.

The motion interposed by respondents challenges the jurisdiction of the district court of Salt Lake county over the persons of respondents as well as over the subject-matter of the action. In the motion it is also further stated that the district court of Salt Lake county has "no jurisdiction over

the files or records of the clerk" of the Utah county court "as related to the Utah county action referred to in the complainant's complaint; nor over the court files or records of" the Utah county court; "nor over the judgments or decrees of said" Utah county court "as related to said Utah county judgment; and is without authority to review the action of said court." As a conclusion of law found in the findings, conclusions, and decree, it is recited:

"This court has no jurisdiction to determine the merits of the alleged cause of action as pleaded in plaintiff's complaint and that such complaint, and the cause of action alleged therein, should be dismissed and defendant is entitled to a dismissal thereof."

The record affirmatively shows that both respondents were personally served with summons and both appeared by general demurrer as well as by motion to dismiss. It must therefore be clear that the court acquired jurisdiction of respondents personally. Personal service of summons, or a general appearance in an action by attorney or otherwise, is universally held to give a court jurisdiction of the person of a defendant. District courts of this state are constitutional courts having general jurisdiction in all matters civil and criminal not excepted by the Constitution or prohibited by the laws of the state. Among the powers of such courts is the right to issue writs of injunction. Const. art. 8, § 7. The district court of Salt Lake county being a court of general jurisdiction, it must, in our judgment, necessarily follow that such court has jurisdiction of the subject-matter of the action stated in appellant's complaint. In determining the jurisdiction of a court the test is not whether the court has jurisdiction of a particular case, but rather whether the court has jurisdiction of the class of cases to which the particular case belongs. The district court of Salt Lake county clearly has jurisdiction of the class of cases to which this action belongs, and therefore must be held to have jurisdiction of the subject-matter. It appears from the language above quoted from the

conclusions of the trial court that that court was not holding or denying that it had jurisdiction over the class of cases in which the action under review should be placed, but was simply expressing its opinion that it was without jurisdiction to determine the merits of the particular cause of action alleged in the complaint.

It is the contention of respondents' counsel, as appears from his argument both orally and in his brief—and that apparently was the view of the trial court—that the power to restrain the enforcement of the judgment rendered in the district court of Utah county is not within the right or jurisdiction of the district court of Salt Lake county. It is respondents' argument here that appellant should have resorted to some proceeding in the original action in Utah county for the relief sought and not to proceedings in the Salt Lake county court. It is insisted that the power of the Salt Lake county court being the same as the court of Utah county, and not different, one court should not have the power to annul by decree the judgment of a co-ordinate court and thereby introduce confusion and uncertainty in the practice in the different district courts within the state. Whatever may be the result of permitting a district court of one county to restrain the enforcement of judgments rendered by a court of another judicial district, such result, in and of itself, cannot defeat the jurisdiction of a court to hear and determine the issues presented by a complaint the subject-matter of which is within the jurisdiction of the court wherein such complaint is filed.

The property sought to be subjected to the judgment granted by the Utah county court is situate in Salt Lake county. The sheriff of Salt Lake county, upon an execution issued by the clerk of the district court of Salt Lake county, is seeking to enforce the judgment against the property of appellant. It will thus be seen that the writ to enforce the judgment which, it is alleged, is void, was issued by the clerk of the district court of Salt

Lake county and that the sheriff, an officer of Salt Lake county, was charged with the duty of enforcing such judgment. If the allegations of the complaint are true, and they are admitted to be true by the demurrer and motion to dismiss the action, the respondents here are threatening to levy upon and sell appellant's property in satisfaction of a judgment which in fact has no legal existence and no force or effect. It is not claimed, nor can it be, that a judgment rendered without jurisdiction of the defendant could have any legal binding effect upon the defendant or any one else. The authorities are all to the contrary. Even if it be conceded—which we do not concede—that appellant has any remedy at law in the original action in Utah county, the facts alleged in the complaint, and admitted to be true, are sufficient to authorize and require the district court of Salt Lake county to issue a temporary injunction restraining the enforcement of the judgment which it is claimed and alleged was rendered without jurisdiction of appellant by the Utah county court; otherwise. appellant may be wrongfully deprived of his property and have no redress. Respondent Pixton, plaintiff in the Utah county action, is here, as he was in that court, in the discharge of his duties as a public officer and not in his individual capacity.

In the final analysis the contention of respondents is that appellant has and had an adequate remedy in the original action by motion or some other proceeding therein to be relieved from the effects of the judgment rendered, if it was rendered without jurisdiction, and that a court of equity in another judicial district is not authorized by the extraordinary remedy of injunction to restrain the enforcement of such judgment, but that it was the duty of the district court of Salt Lake county to refuse to take jurisdiction and to remand the parties back to the original action for relief. There would be much force to that contention, if it were not alleged in the complaint that the time limited by the statute within which appellant could move in the original action has expired. It is alleged in the

amended complaint that appellant had no notice or knowledge of the pendency of the action in the district court of Utah county, or of any proceeding therein, or judgment rendered therein, until within 30 days prior to the commencement of the present action and much more than one year after the date of entry of such judgment. It is provided in Comp. Laws Utah 1917, § 6619, in enumerating the discretionary powers of a district court, that:

"When, from any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

It thus appears from the allegations of the complaint that whatever remedy or right appellant may have had to appear by motion in the original action was lost by lapse of time. Unless a court of equity could and would entertain jurisdiction to restrain the enforcement of the judgment rendered against him, appellant is left without any remedy whatever and would of necessity see his property subjected to the payment of the judgment rendered against him without having had his day in court. It is axiomatic in the law that for every wrong there is a remedy.

The facts necessary to entitle a litigant to injunctive relief in actions of the nature of the one under review are stated in 34 C. J. at page 434, as follows:

"In the case of a void judgment the cases are not harmonious. According to some decisions, equity will grant relief by injunction, although there may be an adequate remedy in the original cause. By the weight of authority, however, in order to obtain relief on this ground, it is necessary for complainant to show that he has no adequate remedy at law, or that he has exhausted his legal remedies without obtaining relief. These decisions proceed upon the theory that, where there is an ordinary remedy for error, an extraordinary one will not be allowed."

The rule of law stated in the foregoing quotation was recognized by this court in *Campbell* v. *Durand,* 39 Utah 118, 115 P. 986. In the course of that opinion it is said:

"Of course, even equity will not enjoin the enforcement of a void judgment where the" defendant "had an appropriate method by application to the court having rendered it, or a remedy by appeal or certiorari."

Holding, as we do, that the district court of Salt Lake county, by reason of being a court of general jurisdiction, had jurisdiction of the subject-matter of the cause of action stated in the complaint, and conceding without ▪ out so holding that the action was brought in the wrong county, the remedy open to respondents was upon affidavit of merit or otherwise to apply for a change of place of trial to the proper county. In such case failure to present a motion or otherwise ask for a change of place of trial has been held to be a waiver of the right to have the place of trial changed. *Baker Lumber Co.* v. *A. A. Clark et al.,* 53 Utah 336, 178 P. 764; *Snyder* v. *Pike,* 30 Utah 102, 83 P. 692; *Sanipoli* v. *P. V. Coal Co.,* 31 Utah 114, 86 P. 865, 10 Ann. Cas. 1142.

The Court of Appeals of Colorado, in *Smith* v. *Morrill,* 12 Colo. App. 233, 55 P. 824, had before it a state of facts very similar to the facts alleged in appellant's complaint in the instant case. It was a proceeding to enjoin the enforcement of what was claimed to be a void judgment. The judgment had been rendered by the district court of Clear Creek county and the action to enjoin its enforcement was instituted in the district court of Jefferson county. It is a well-considered case. The principles of law applicable to the facts in the action now under review were applicable to the facts considered by the Colorado court. The fifth headnote, which reflects the opinion of the court, is as follows:

"The jurisdiction of courts being coextensive with the limits of the state, Code, § 145, providing that proceedings to restrain enforcement

of a judgment shall be had in the county where the judgment was obtained, merely designates the place of trial, and must be construed in connection with chapter 2, regulating the place of trial of civil actions; and failure to bring such proceeding in the county where the judgment was rendered is not a jurisdictional defect, and is waived unless application be made in due time for a change of venue to the proper county."

The right of an aggrieved party to maintain a direct action to restrain the enforcement of a judgment void for want of service has been recognized by this court in at least two cases. *Liebhart* v. *Lawrence*, 40 Utah 243, 120 P. 215; *Doyle* v. *West Temple Terrace Co.*, 43 Utah 277, 135 P. 103.

In appellant's brief considerable space is devoted to the contention that a dismissal of an action for want of jurisdiction by motion is unknown to our procedure; that the remedy, if the court was without jurisdiction and the fact so appeared upon the face of the complaint, was by demurrer for want of jurisdiction, and if want of jurisdiction did not appear from the face of the complaint, but existed as a fact, such defense should be interposed by way of answer. Such seems to be the procedure prescribed by our Code. It, however, is difficult to see in what way appellant was prejudiced by a motion to dismiss and the granting of such motion if the want of jurisdiction appeared on the face of the complaint. The only question vital is whether the trial court was right in holding that it was without jurisdiction and not the particular procedure under or by which such ruling was made. From what has been said it follows that the trial court erred in refusing to entertain jurisdiction of the action and in dismissing the complaint for want of jurisdiction.

The order of this court, therefore, is that the cause is remanded to the district court of Salt Lake county, with directions to reinstate the cause upon its docket and take

further action in the premises not in conflict with the views herein expressed.

Appellant is awarded costs.

THURMAN, C. J. concurs.

CHERRY, and HANSEN, JJ., concur in result.

STRAUP, J. I concur in the conclusion that the court had jurisdiction of the subject-matter of the action and of the parties. Inasmuch as the case in the court below went off on a demurrer to the complaint and on a motion to dismiss the action, it is essential to note the material allegations of the complaint. The substance of them is that Kramer, the plaintiff, is the owner of described real estate in Salt Lake county; that defendant Pixton caused to be docketed in the office of the county clerk of that county a purported transcript of a judgment rendered in Utah county against the plaintiff and in favor of the defendant Pixton in the sum of $1,326 (Utah county and Salt Lake county being in different judicial districts) ; that Kramer, the plaintiff here, the defendant in that action, was not served with summons of any kind, nor had he entered any appearance in such cause and had no knowledge that such cause had been commenced in Utah county, or that any judgment had been rendered against him, until long thereafter and not until the judgment was docketed in Salt Lake county and there attempted to be enforced against him; that the defendant Pixton, on the judgment so docketed in Salt Lake county, caused an execution to be issued out of the clerk's office of that county and to be delivered to the sheriff of Salt Lake county to levy on property of the plaintiff in that county, and that the sheriff, in pursuance thereof, levied the execution on real estate of the plaintiff in Salt Lake county; that the judgment so docketed and attempted to be enforced was void because the court in Utah county had not acquired jurisdiction of the person of the defendant therein, plaintiff herein, and that, unless restrained, the sheriff in obed-

ience to the writ would sell the property of the plaintiff on execution to plaintiff's injury. The plaintiff hence prayed that the execution be recalled and that the defendants Pixton and the sheriff be enjoined and restrained from enforcing the judgment in Salt Lake county.

In the second cause of action the plaintiff alleged that he was the owner of the described real estate in Salt Lake county; repeated the material allegations set forth in the first cause of action; alleged that the defendants asserted an unfounded claim and lien on the property in virtue of the judgment obtained in Utah county and docketed in Salt Lake county, and that the defendants be required to appear and set forth whatever right or claim they have in and to the property, and that such claim be held groundless, the judgment declared void, and that the defendants be restrained from the threatened enforcement of it.

The defendants appeared in the action and filed a motion to dismiss the complaint on the grounds that the court had not acquired jurisdiction of the person of the defendants nor of the subject-matter of the action; that the court had no jurisdiction of the records and files of the clerk's office in Salt Lake county, in so far as they related to the judgment rendered in Utah county and docketed in Salt Lake county, and that the defendants were not the real parties in interest. At the same time the defendants filed a general demurrer to the complaint on the ground that it did not state sufficient facts to constitute a cause of action and a special demurrer that the court had not acquired jurisdiction of the person of the defendants, that several causes had been improperly united, and that the complaint was ambiguous, unintelligible, and uncertain. The court sustained the motion and the demurrer on the ground that the court had "no jurisdiction to determine the merits of the alleged cause of action pleaded in plaintiff's complaint," and dismissed the proceedings. Judgment was entered accordingly, from which the plaintiff has prosecuted this

appeal. The assignments challenge the ruling dismissing the action.

The grounds of the motion that the court had not jurisdiction of the person of the defendants, that they were not the real parties in interest, and that the complaint was unintelligible, ambiguous, and uncertain, are without merit. Nor was the action dismissed on any of such grounds. It was dismissed in effect on the ground that the court was without jurisdiction of the subject-matter of the action. I think it clear that the court had jurisdiction. I, however, think that the proposition of subject-matter jurisdiction of an action is improperly stated in the main opinion. It in effect is there stated that the test of subject-matter jurisdiction is not whether the court has jurisdiction of the particular case, but whether it has jurisdiction of the class of cases to which the particular case belongs. Certain it is that the particular case must belong to the class of cases over which the court has jurisdiction; that is, the subject-matter of a suit at law or equity must be found in and derived from the law which organizes the tribunal and confers power upon it to hear and determine it. But that is not enough. Pleadings of some sort also are essential to invoke and confer jurisdiction of subject-matter of the action. The Missouri court, in the case of *Hope* v. *Blair*, 105 Mo. 85, 16 S. W. 595, 24 Am. St. Rep. 366, puts the proposition thus:

"The subject-matter of a suit, when reference is made to questions of jurisdiction, is defined to mean 'the nature of the cause of action and of the relief sought.' *Cooper* v. *Reynolds*, 10 Wall. 316 [19 L. Ed. 931]. 'Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in a given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue.' [*Munday*] v. *Vail*, 34 N. J. Law, 422. A court may be said to have jurisdiction of the subject-matter of a suit when it has the right to proceed to determine the controversy or question in issue between the parties or grant the relief prayed. What the controversy or issue, in any case, is,

can only be determined from the pleadings. When the court has cognizance of the controversy, as it appears from the pleadings, and has the parties before it, then the judgment or order, which is authorized by the pleadings, however erroneous, irregular or informal it may be, is valid until set aside or reversed upon appeal or writ of error. This doctrine is founded upon reason and the 'soundest principles of public policy.' "

In *State ex rel.* v. *Muench,* 217 Mo. 124, 117 S. W. 25, 129 Am. St. Rep. 536, that court again, quoting from the syllabi, held:

"Jurisdiction of the subject-matter of a concrete case in equity or law is only acquired by a court through pleadings filed, process issued and served or appearance entered, and decrees entered within the lines of the issues framed by the pleadings. The courts cannot, of their own motion, set themselves in motion, nor have they power to decide questions except such as are presented by the parties in their pleadings. The parties by their attorneys make the issues, and what is decided within the issues is res adjudicata; anything beyond is coram non judice and void."

We have in effect stated the same thing in *Re Evans et al.,* 42 Utah 282, 130 P. 217, and *State* v. *Topham,* 41 Utah 39, 123 P. 888. That pleadings of some sort, though they may be defective or insufficient, are essential to determine what cause of action, what subject-matter, is described which the court in its organization can act upon and hear and determine is, I think, accepted doctrine, not only at common law, but also under all Code systems.

Looking at the matter in hand, we have here a complaint filed before a court of general jurisdiction and describing a cause of action of equitable cognizance. That the complaint states facts sufficient to constitute a cause of action may not well be disputed. In considering the ruling dismissing the action, whether on the motion or on the demurrer, the court, of course, was required to assume as true all of the facts well pleaded in the complaint. The gist of the action was one seeking injunctive relief to restrain the the defendants the sheriff and Pixton from selling real

estate of the plaintiff situate in Salt Lake county and within the jurisdiction of the court, on an execution issued out of the clerk's office of Salt Lake county on a judgment docketed in that county and alleged to be a void judgment. For purposes of the motion and of the demurrer the court was required to assume as true the allegations of the complaint that the judgment was void because obtained without service of summons or any appearance on behalf of the plaintiff and without knowledge of any kind of the pendency of the cause in which the judgment was rendered until the levy of the execution on his property. Because of such direct and specific allegations no presumption may be indulged, which might be indulged in the absence of such allegations, that the court rendering the judgment had jurisdiction of the person of the plaintiff in the action in which the judgment was rendered. There is no direct allegation when the judgment in Utah county was rendered. It is alleged that the judgment was docketed in Salt Lake county April 22, 1927, and that the plaintiff had neither notice nor knowledge of the rendition of the judgment until more than a year after it was entered. This action was commenced May 18, 1927, immediately or shortly after the issuance and levy of the execution. As I view the matter, it is not here so much the question of whether there was open to the plaintiff some appropriate relief in the district where the judgment was rendered—there is not anything appearing on the face of the complaint that there was—as it is the question of whether on the action invoked in this proceeding the district court had authority to grant the demanded relief. That the court in which this action was brought had authority and direction over the process issued out of that court is clear enough. When by a proper complaint it is sought to recall and restrain the levy of an execution issued out of that court and to restrain the sale of property in pursuance of such levy situated within the jurisdiction of the court, on the ground that the judgment docketed in the county where the property is situated is, as alleged, absolutely void, I see

no reason why the court has not authority to hear and determine the controversy.

I therefore am of the opinion that the court erred in sustaining the demurrer and granting the motion to dismiss and that the judgment of dismissal should be vacated, the cause remanded, with directions that it be reinstated, the motion and demurrer overruled, the defendants given leave to answer, and that the court hear and dispose of whatever issues are so tendered. We are not now judicially advised as to what, with respect to the issuance or service of summons on plaintiff in the case in which the alleged judgment was rendered, is disclosed by the record in that case; nor are we now called upon to determine whether this proceeding is a collateral or direct attack upon the judgment (35 C. J. 511), nor to what extent the face or recitals of the record, if anything, with respect thereto, is so shown as to service of summons in the case in which the alleged void judgment was rendered, may in this proceeding be impeached or contradicted, for such record is not now before us, nor was it before the court below.